MEMORANDUM **
Bernard Mambo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
*714 The agency denied Mambo’s asylum claim as time-barred. Mambo does not challenge this finding in his opening brief.
Substantial evidence supports the agency’s denial of withholding of removal. See Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003). Mambo failed to establish he suffered past persecution when Muslims threw rocks at him one time. See Nagoulko v. INS, 333 F.3d 1012, 1018 (9th Cir.2003). And, he did not establish a clear probability of future persecution because even if he were a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Lastly, the record does not compel the conclusion that Mambo established a pattern or practice of persecution against Christians in Indonesia. See id. at 1180-81.
Substantial evidence supports the agency’s denial of CAT relief because Mambo did not demonstrate that it is more likely than not he would be tortured if returned to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.